UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSENDO TAMAYO,

Plaintiff,

v.

GRUMA CORPORATION, a Nevada corporation, dba Mission Foods and Guerrero Mexican Food Products, and DOES 1 through 25, inclusive,

Defendants.

No. 2:15-CV-00413-TLN-EFB

**ORDER**

This matter is before the Court pursuant to Defendant Gruma Corporation's ("Defendant" or "Gruma") Motion to Dismiss and Motion for a More Definite Statement. (ECF No. 5.) Plaintiff Rosendo Tamayo ("Plaintiff") has filed an opposition to Defendant's motion. (ECF No. 7.) The Court has carefully considered the arguments raised in Defendant's motion and reply, as well as Plaintiff's opposition. For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's first and fourth claims, and DENIES Defendant's Motion to Dismiss Plaintiff's second and third claims. Plaintiff's first and fourth claims are hereby dismissed without prejudice, and Plaintiff is hereby granted 30 days leave to amend said dismissed claims. Due to this ruling, the court DENIES Defendant's alternate Motion for a More Definite Statement as MOOT.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 20, 2011, Plaintiff entered into a written Distributor Agreement ("Agreement") with Defendant to distribute food products to certain grocery stores in and around Sacramento County. (ECF No. 1-1 at ¶10.) Per the Agreement, Plaintiff must maintain "adequate service" by keeping Defendant's food products stocked at all grocery stores within Plaintiff's territory. (ECF No. 1-1 at 14.) The Agreement also contains an integration clause and a choice of law provision, stating that Texas law applies for all disputes. (ECF No. 1-1 at 31, 35.)

In July 2013, Defendant sent notice to Plaintiff for "inadequate service" due to certain products being out-of-stock. (ECF No. 1-1 at ¶12.) Plaintiff alleges that he promptly corrected the problem consistent with the Agreement. (ECF No. 1-1 at ¶12.) Plaintiff also alleges that shortly after the initial notice of "inadequate service," Defendant's representative made a statement requesting Plaintiff to sell off distribution rights for several stores in exchange for continuing to distribute for Defendant at the remaining stores. (ECF No. 1-1 at ¶13.) Plaintiff then sold off a portion of his distribution rights at Defendant's request, alleging that this resulted in a significant reduction in territory and income. (ECF No. 1-1 at ¶13.) Plaintiff claims that when Plaintiff agreed to sell portions of his distribution rights in exchange for Defendant's promise to allow Plaintiff to keep the remaining distribution rights a new oral and implied contract was formed. (ECF No. 1-1 at 8, 9.) It should be noted that Plaintiff failed to provide the Court with details regarding the request. (ECF No. 1-1.) The Court infers the request was made orally because Plaintiff has brought a claim for breach of oral contract. (ECF No. 1-1 at 5.) In October 2013, Defendant unilaterally terminated the Agreement and Plaintiff's distribution rights. (ECF No. 1-1 at ¶14.)

On January 8, 2015, Plaintiff filed a Complaint in the Superior Court of California, Sacramento County. (ECF No. 1 at 2.) In the Complaint, Plaintiff alleged:

1. Defendant breached the original Agreement by unilaterally terminating the Agreement without adequately compensating Plaintiff for the termination;

2. Defendant breached the new oral contract by unilaterally terminating the contract related to the remaining stores;

3. Defendant breached the new implied contract by unilaterally terminating the contract related to the remaining stores, and;

4. Defendant knowingly and intentionally made false statements to Plaintiff through its representatives when it told Plaintiff that he could keep the remaining stores in exchange for selling the distribution rights to certain stores.

(ECF No. 1 at 2.) On February 20, 2015, Defendant removed said action to The United States District Court, Eastern District of California under diversity jurisdiction. (ECF No. 1 at 6.)

On March 20, 2015, Defendant filed a Motion to Dismiss Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6). (ECF No. 5.) Along with its Motion to Dismiss, Defendant also moved in the Alternative for a More Definite Statement under FRCP 12(e). (ECF No. 5 at 4.) On April 9, 2015, Plaintiff filed an Opposition to Defendant's Motions. (ECF No. 7.) On April 18, 2015, Defendant filed a Reply to Plaintiff's Opposition. (ECF No. 9.)

## II. STANDARD OF LAW

### a. Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim ... is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n. 6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[ ] [his or her] claims ... across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id*. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its

complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**b. Motion for a More Definite Statement**

A motion for a more definite statement should be denied unless the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). This is because "a motion for a more definite statement is used to attack unintelligibility, not mere lack of detail." *San Bernadino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996). This is a liberal standard as the parties are expected to familiarize themselves with the claims and ultimate facts through the discovery process. *See Famolare, Inc. v. Edison Brothers Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981). "Thus, a motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citing *Boxall v. Sequoia Union High School District*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979)).

**III. ANALYSIS**

In the Motion to Dismiss, Defendant alleges that:

1. Plaintiff's first claim for breach of contract failed to state a claim because the complaint only contained conclusory allegations of law and the alleged facts contradict the Agreement's termination clause;
2. Plaintiff's second claim for breach of oral contract contradicts the integration provision of the Agreement and lacks pleaded consideration;
3. Plaintiff's third claim for breach of implied contract contradicts the integration provision of the Agreement, lacks pleaded consideration, and is subsumed by the express terms of the Agreement, and;
4. Plaintiff's fourth claim for fraud is not pleaded with the requisite specificity required under FRCP 9(b) because the complaint did not state when and who made the fraudulent statements, and whether Defendant received any consideration in exchange for making the alleged false statements to Plaintiff.

(ECF No. 5.) The Court addresses each action in turn.

**a. Plaintiff's First Claim for Breach of Written Contract is Dismissed for Failure to Allege Sufficient Facts**

Plaintiff's first claim seeks relief against Defendant for breach of the original distributor

Agreement. (ECF No. 1.) Defendant moves to dismiss this claim under FRCP 12(b)(6), arguing that Plaintiff's allegations for breach of the written contract contradict the Agreement's termination provision, because this provision allows Defendant to unilaterally terminate the Agreement in this situation. (ECF No. 5.) Plaintiff responds that its claim does not contradict the Agreement's termination provision. (ECF No. 9.)

The question before the court is whether Plaintiff alleged sufficient facts to show that Defendant breached the contract by unilaterally terminating the Agreement after Plaintiff's first inadequate service. "Under Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief may be granted 'based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Granger v. Lowe's Home Ctrs., LLC*, No. 1:14-cv-01212-KJM-SKO, 2014 WL 4976134, at *5 (E.D. Cal. Oct. 3, 2014) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,699 (9th Cir. 1990)). Under controlling Texas law[1], to sufficiently plead a breach of contract claim, Plaintiff must allege: (1) the existence of a valid contract; (2) performance of the terms of the contract; (3) breach of the contract; and (4) damages. *Terex Utils., Inc. v. Republic Intelligent Transp. Servs.*, 392 S.W.3d 340, 341, 2013 WL 351186 (Tex. App. 2013).

The Agreement's subsection 10(a) states:

> a. Immediate Termination of Agreement.
>
> Company shall have the absolute right to terminate this Agreement, without thereby incurring any liability to Distributor, effective immediately upon or any time after the occurrence of any of the following events:
>
> …
>
> iv. Distributor's failure to provide Adequate Service to any Material Customer which is serviced by Distributor hereunder (as, for example, Distributor's failure to service any such customer on any day on which such customer

---

[1] Subsection 15(k) of the Agreement states as follows, "the Agreement shall be governed by and construed in accordance with the laws of the State of Texas." (ECF No. 5-1 at 4.) Choice-of-law provisions where parties choose the law of a particular state shall be applied unless: (1) there is no reasonable basis for such choosing such state; or (2) if application of the chosen state's law would fundamentally violate the policy of a state which has a materially greater interest than the chosen state. *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 465 (1992). Here, Defendant's corporate headquarters and principal place of business is located in the State of Texas. (ECF No. 9 at 2.) Thus, the Court will enforce the Agreement's choice-of-law provision because: (1) Defendant's corporate headquarter being in Texas is a reasonable basis for the choice-of-law provision; and (2) Plaintiff does not allege facts showing that the enforcement of Texas law fundamentally violates the policy of California.

> reasonably expects or requests to be serviced), which failure continues without cure for a period of 48 hours after Distributor's receipt of oral or written notice thereof from Company or is followed by another failure (whether or not similar, and whether or not involving the same Material Customer) within nine months after Distributor's receipt of any such oral or written notice.

(ECF No. 1-1 at 26.) Under the Agreement, Defendant has the right to unilaterally terminate the contract if Plaintiff fails to cure an "inadequate service" failure within 48 hours of receiving notice, or if a second failure occurs within nine months after receiving notice of the first failure. (ECF No. 5-1 at 6.) Here, Plaintiff does not allege that he cured the first failure within 48 hours, only that he cured the failure "promptly." (ECF No. 1-1 at ¶12.) Additionally, Plaintiff does not allege that he did not commit another "inadequate service" failure within nine months of the first failure, only that Defendant unilaterally terminated the Agreement without notice in October of 2013. (ECF No. 1-1 at ¶13.) For a breach of contract claim to stand, Plaintiff must allege additional facts to show that Defendant breached the Agreement. Thus, Plaintiff's allegation that Defendant breached the Agreement is a mere legal conclusion couched as a factual allegation.

Plaintiff's conclusory allegations fail to provide the Court with sufficient facts necessary to state a claim for breach of written contract. Therefore, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's breach of written contract claim.

**b. Plaintiff Alleges Sufficient Facts to Support a Claim for Breach of Oral and Implied Contract**

Plaintiff's second and third claims seek relief against Defendant for breach of a new oral and implied contract. (ECF No. 1.) In his complaint, Plaintiff alleges the parties entered into a new oral and implied contract, where Plaintiff was to sell a portion of his distribution territory in exchange for keeping his remaining territories. (ECF No. 1-1.) Defendant moves to dismiss these claims under FRCP 12(b)(6), arguing that Plaintiff's allegations for breach of oral and implied contract contradict the Agreement's integration provision. (ECF No. 5.) Defendant also argues that a new contract was never formed due to lack of consideration. (ECF No. 5.)

The first question before the court is whether the Agreement's integration provision barred the formation of a new oral or implied contract. Defendant argues that the Agreement's

integration provision requires all subsequent modifications to be supported by writing, and therefore Plaintiff's claim for breach of oral and implied contract should be dismissed because it is not supported by writing. Under controlling Texas law, a written contract not required by law to be in writing may be modified by a subsequent oral agreement even though it provides that it can be modified only by a written agreement. *Double Diamond, Inc. v. Hilco Elec. Coop., Inc.*, 127 S.W.3d 260, 267 (Tex. App. 2003); *Robbins v. Warren*, 782 S.W.2d 509, 512 (Tex. App. 1989); *Mar-Lan Industries, Inc. v. Nelson*, 635 S.W.2d 853, 855 (Tex. App. 1982). Thus, the Agreement's integration provision does not strictly bar any subsequent modification, nor does it provide sufficient grounds to dismiss Plaintiff's claims for breach of oral and implied contract. In Plaintiff's opposition, he states that his claim is based on the formation of a new contract, not the modification of the original Agreement. (ECF No. 7 at 5.) Therefore the court analyzes this matter under Texas's law governing the formation of a new contract, not the modification of an existing contract.[2]

A valid and binding new contract requires: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) mutual assent; (4) communication showing parties' consent; (5) execution and delivery of the contract with an intent that it be mutual and binding; and (6) that the offer be supported by consideration. *Expro Americas, LLC v. Sanguine Gas Exploration, LLC*, 351 S.W.3d 915, 920 (Tex. App. Houston 14th Dist. 2011).

Here, Plaintiff alleges that he and Defendant mutually assented to a new agreement, where Defendant's representative requested Plaintiff to sell a portion of his distribution territory in exchange for Defendant allowing Plaintiff to continue servicing the remaining stores. (ECF No. 1-1 at 8, 9.) Plaintiff alleges Defendant offered this new agreement, and Plaintiff accepted by agreeing to sell these distribution rights. (ECF No. 1-1.) Thus, Plaintiff sufficiently alleged that both parties assented to an agreement, consented to the discussed terms, and that Plaintiff sold off some of his territory. Therefore, the first five elements for a valid contract are satisfied. However, Defendant asserts that no consideration was alleged. (ECF No. 5 at 2.)

---

[2] In any event, the Court finds that the law governing the formation of a new contract and the modification of an existing contract is under the same standard. *See Morgan v. Stover*, 511 S.W.2d 362, 365 (Tex. Civ. App. Eastland 1974), *writ refused n.r.e.*, (Nov. 6, 1974).

Defendant moves to dismiss the claims for inadequate consideration because Defendant had an absolute right under the original Agreement to terminate their relationship immediately for cause. (ECF No. 5-1 at 9.) Consideration is a "present exchange bargained for in return for a promise" consisting of either a benefit to the promisor or a detriment to the promisee. *Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991). "The detriment must induce the making of the promise, and the promise must induce the incurring of the detriment." *Id.*

The Court finds that Plaintiff did sufficiently allege consideration. Unlike the facts in *Universal Credit C. v. Cole*, here, the consideration is adequate. Defendant cites *Universal Credit C. v. Cole*, 146 S.W.2d 222, 225 (Tex. Civ. App. 1940), in support of his assertion that consideration is lacking. In *Universal*, a credit company filed a claim against an individual to recover the remaining balance owed on a truck; however, the individual alleges that the parties entered into a new oral contract which modified the payment terms of the original lease contract. *Universal Credit C.* at 224. The court in *Universal* found that a new enforceable oral agreement was never formed for lack of consideration. *Id*. In *Universal*, the individual did not suffer a loss because the new agreement only benefitted the individual by changing the original payment terms by allowing him more time to pay the same amount, and the credit company did not gain any benefits from this new oral agreement. *Id.* at 225.

Here, unlike in *Universal*, Plaintiff suffered a loss by selling the distribution rights for some stores, and Plaintiff only agreed to suffer such loss in exchange for Defendant's promise to allow Plaintiff to keep the remaining stores. This promise was bargained for, and Plaintiff suffered a financial detriment in exchange for Defendant's benefit. These alleged facts constitute the requisite consideration. Therefore, Plaintiff sufficiently alleged consideration, and Defendant's Motion to Dismiss Plaintiff's breach of oral and implied contract claims is DENIED.

**c. Plaintiff's Fourth Claim for Fraud is Dismissed for Failure to Allege Sufficient Facts**

Plaintiff's fourth claim seeks relief against Defendant for fraud. (ECF No. 1.) Defendant moves to dismiss this claim under FRCP 9(b), arguing that Plaintiff's allegation for fraud is not pleaded with the requisite specificity. (ECF No. 5.) Plaintiff responds that its claim was pleaded

with the requisite specificity because time, place, and exact excerpts are not always required to plead fraud. (ECF No. 9.)

In fraud claims, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The allegations must be specific enough to give defendants notice of the particular misconduct alleged so that they can defend against the charge. *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. Cal. 1993). The complaint must specify facts such as "times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.*

In the complaint, Plaintiff only alleges that Defendant, "through his representative," made false statements with intent to induce Plaintiff to act in reliance on those statements, and sell the distribution rights to certain stores. (ECF No. 1 at 6.) Here, Plaintiff does not allege the time, dates, places, benefits received, and other details of the alleged fraudulent activity. Additionally, Plaintiff does not allege the identity of Defendant's representative and whether such representative has the authority to act on behalf of Defendant. Thus, Plaintiff has failed to allege sufficient facts or the requisite specificity for fraud under FRCP 9(b). Therefore, Defendant's Motion to Dismiss Plaintiff's fraud claim is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby:

1. GRANTS Defendant's Motion to Dismiss the claim for breach of written contract;
2. DENIES Defendant's Motion to Dismiss the claim for breach of oral contract;
3. DENIES Defendant's Motion to Dismiss the claim for breach of implied contract; and
4. GRANTS Defendant's Motion to Dismiss the claim for fraud;
5. Should Plaintiff wish to file an amended Complaint, such Complaint must be filed within thirty days of the entry of this order.

IT IS SO ORDERED.

Dated: September 29, 2015

Troy L. Nunley
United States District Judge